# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

QUINEA M. WAITERS,            )
                              )
       Plaintiff,        )
                              )
v.                            )    1:11CV209
                              )
MS. PERRY,                    )
                              )
       Defendant(s).     )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. It appears from Plaintiff's complaint form that she may not have fully exhausted available administrative remedies. Exhaustion is required before Plaintiff may bring this action. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). Plaintiff alleges in her complaint that Defendant "Ms. Perry," a staff member at Southern Correctional Institution, sexually assaulted her while she was being screened for medical treatment. (Docket Entry 2, § V.) In the portion of the complaint dealing with exhaustion, she states that she filed a grievance stating that she was "maced and smothered w/ blue blanket attempt to harm. And assault on an inmate by staff and sexual harassment by Mr. c/o Jerval Foster." (*Id.* § III(B)(2).) Nothing is explicitly mentioned regarding the alleged sexual assault by Defendant Perry. It is at best unclear whether Plaintiff exhausted her current § 1983 claim in the grievance she describes.

2. If Plaintiff did exhaust her current claim in the grievance described, it would be barred by the applicable statute of limitations. The statute of limitations in

this case is three years. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985) (holding that in section 1983 actions the state statute of limitations for personal injury applies); *Brooks v. City of Winston Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (noting that three-year statute of limitations is applicable to section 1983 actions); N.C. Gen. Stat § 1-52 (three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which she "possesses sufficient facts about the harm done to h[er] that reasonable inquiry will reveal h[er] cause of action." *Nasim*, 64 F.3d at 955. In this case that would be the date of the alleged sexual assault. The factual portion of the Complaint does not give any date on which the alleged assault occurred. However, Plaintiff states that the grievance described above was filed in "2007." (Docket Entry 2, § III(B)(1). If that grievance did address the alleged sexual assault, that would mean that the assault occurred in 2007 or earlier, which is more than three years ago. At this point, however, this issue cannot be decided due to the uncertainty regarding the contents of the grievance.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint by stating whether or not the sexual assault was part of the 2007 grievance and by stating when the alleged assault took place. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects as explained above.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 15, 2011